IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01826-MEH

DEREK M. RICHTER,

    Plaintiff,

v.

CITY OF COMMERCE CITY, COLORADO,
TROY SMITH, in his individual capacity,
DAVID CUBBAGE, in his individual capacity, and
KAREN STEVENS, in her individual capacity,

    Defendants.
_____

**ORDER ON MOTION TO QUASH**
_____

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is an Amended Motion to Quash Subpoena filed by the Seventeenth Judicial District Attorney's Office [filed February 26, 2016, docket #45]. The matter is briefed to the extent required by the applicable rules, and the Court finds oral argument would not materially assist in adjudicating the motion. For the reasons that follow, the Court **denies** the Motion.

**I.**    **Background**

Plaintiff initiated this action on August 24, 2015, claiming Defendants took adverse employment actions against him in violation of the Uniformed Services Employment and Reemployment Rights Act ("USERRA"). Specifically, Plaintiff alleges that he suffered discrimination and retaliation by the Defendants because of his service with the Colorado Army National Guard, and the workplace absences that this service necessitated. Defendants answered denying Plaintiff's allegations and asserting 17 affirmative defenses, including the claim that "[a]ll

actions referenced by Plaintiff involving these Defendants were based on legitimate, non-discriminatory, and non-retaliatory reasons." Answer, docket #22 at 21.

On February 10, 2016, the Plaintiff served on the Seventeenth Judicial District Attorney's Office ("Adams County") a subpoena to produce "[e]ach document and audio/visual recording related to or associated with a 2012 investigation in Adams County (via investigator Joe Maier, and possibly others) conducted regarding discrimination against military reservists employed by the Commerce City, Colorado Police Department." Subpoena, docket #40 at 3. On February 22, 2016, Adams County filed a motion to quash the subpoena, but the Court denied the motion without prejudice due to a procedural deficiency. Adams County then filed the present amended motion to quash the subpoena on February 26, 2016.

Adams County argues that pursuant to Colo. Rev. Stat. § 24-72-702(1)(d), no record exists with respect to the referenced investigation and, therefore, the County requests that this Court quash the subpoena because it imposes an undue burden. In response to the motion, Plaintiff claims that an Adams County attorney met with Plaintiff's counsel and the County attorney acknowledged the existence of the requested documents. Response, docket #47 at 5. According to Plaintiff, Adams County refused to produce the records and even rejected Plaintiff's offers to narrow the scope of the subpoena and to request that the material be produced under a protective order. Plaintiff argues these records are essential to the case because, "the information contained in the report subject to this subpoena is needed to rebut Defendants' defenses and should be produced." *Id*. at 3.

## II.  Legal Standards

Fed. R. Civ. P. 45(d)(3)(A) requires the Court to quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires excessive travel by a non-party; (iii) requires

disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden. There is no indication that subsections (i)-(iii) apply here; thus, the Court will analyze whether the subpoena subjects Adams County to an undue burden.

**III.   Analysis**

Adams County rests its argument that Plaintiff's subpoena is "unreasonable and oppressive" entirely on Colo. Rev. Stat. § 24-72-702(1)(d), and claims that pursuant to the statute, the requested records do not exist. Motion, docket #45 at 1. Colo. Rev. Stat. § 24-72-702 codifies the rules and procedures for sealing arrest and criminal records, other than convictions. Colo. Rev. Stat. § 24-72-702(1)(d) states, "[u]pon the entry of an order to seal the records, the petitioner and all criminal justice agencies may properly reply, upon any inquiry in the matter, that no such records exist with respect to the person." Because Adams County relies solely on this narrow and specific statutory provision, the Court must conclude that the referenced documents in fact physically exist. However, the statute contains several exceptions, including Colo. Rev. Stat. § 24-72-702(4)(b),[1] which provides "[c]ourt orders sealing records of official actions entered pursuant to this section do not limit the operation of rules of discovery promulgated by the supreme court of Colorado." *See People v. Connors*, 230 P.3d 1265, 1269 (Colo. App. 2010) (citing the previous, but identical, subsection of the rule and holding that sealing differs from expungement in its legal effect in part because court orders sealing records "do not limit the operation of applicable discovery rules").

Adams County's amended motion makes no reference to this discovery exception to Colo. Rev. Stat. § 24-72-702. *See* docket #45. Plaintiff's response to the motion specifically identifies the

---

[1] Plaintiff cites Colo. Rev. Stat. § 24-72-703(2), but that statute governs the sealing of convictions and, thus, does not apply to this case.

exception and argues that it precludes Adams County's arguments of undue burden. Response, docket #47. Plaintiff also notes that Adams County failed to produce the court order that allegedly seals the records Plaintiff seeks. *Id.* at 7. Although Adams County was provided the opportunity to file a reply brief and, thus, the chance to rebut Plaintiff's arguments, Adams County did not do so. The Court finds Adams County cannot rely on one discrete section of the statute to argue Plaintiff's subpoena causes it an undue burden without addressing the applicable exception. In addition, Adams County's failure to produce the court order allegedly sealing the records prevents this Court from accepting and relying on this argument. Because Adams County has failed to address these essential elements of Colo. Rev. Stat. § 24-72-702(1)(d), Adams County cannot rely solely on the statute to make a claim that the records do not exist and cannot be produced.

**III.   Conclusion**

For the reasons stated above, it is ORDERED that Adams County's Motion to Quash Subpoena of the Seventeenth Judicial District Attorney's Office [filed February 26, 2016, docket #45] is **denied.** Adams County shall produce to Plaintiff all documents requested in the subpoena in accordance with the operative Protective Order in this case (docket #38) **on or before April 15, 2016**.

Dated at Denver, Colorado, this 1st day of April, 2016.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge